# IN THE COURT OF APPEALS OF IOWA

No. 19-1849
Filed January 9, 2020

**IN THE INTEREST OF R.R. and B.V.,**
**Minor Children,**

**R.V., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Michael S. Fisher, Oskaloosa, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Patrick Mahaffey, Montezuma, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., May, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

A father asserts the termination of his parental rights to his two children is not in their best interests. Because the father has been incarcerated since 2016 with a release date no earlier than January 2021 and has maintained no relationship with the children since his incarceration, we find termination is in the children's best interests and affirm.

R.R., born in 2010, and B.V., born in 2014, were removed from the care of their mother in July 2018 because of the mother's drug use.[1] Since that time, the children have been in the care of their maternal grandmother. They were adjudicated in need of assistance in August 2018. Although the father has been under a criminal no-contact order as to the children since 2016, the Iowa Department of Human Services (DHS) attempted to secure his release of information in order to proceed with whatever services would be available. After an initial reply letter to DHS, the father failed to comply with DHS's request. The DHS worker testified she sent another letter to the father but he did not respond. She further testified she attempted several telephone calls to the penitentiary but was not able to speak with the father. The father blamed his lack of response on being "segregated" from the prison community on occasion and unable to participate in telephone calls.

A termination of parental rights petition came on for hearing on October 22, 2019, more than fifteen months after the children's removal. The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(e), (f),

---

[1] The mother consented to the termination of her parental rights and does not appeal.

and (*l*) (2019). We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The father does not dispute the State proved the statutory grounds for termination. Instead, he seeks a reversal of the court's order by asserting termination is not in the children's best interests, as required under section 232.116(2).[2] He argues the children should wait for permanency while he acquires new skills, undergoes rehabilitation, and earns release from prison. However, he has not participated in parenting classes or substance-abuse treatment offered at the penitentiary. He also admitted at the termination hearing that he was currently in administrative segregation because of his defiant behavior, including creating a disturbance and committing a minor assault on a correctional officer. Thus far, his efforts at rehabilitation have been minimal.

Moreover, due to his own actions, the father has had no contact with the children since 2016. He remains subject to the no-contact order, which currently extends until June 2021. The children need permanency and "simply cannot wait for responsible parenting." *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990).

We affirm the termination of the father's parental rights.

**AFFIRMED.**

---

[2] The father also asserts DHS did not make reasonable efforts for reunification, but he did not timely raise that issue before the termination hearing. *See In re L.M.,* 904 N.W.2d 835, 840 (Iowa 2017) (holding objection to a lack of services is waived if not requested early in the process so appropriate changes can be made).